UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVAVIA

FILED
HARRISBURG, PA
OCT 30 2017

SONNY MACK
    Plaintiff,

VS.

3:17-CV-1982

CASE NO. TRT-NER-2017-03996

UNITED STATES OF AMERICA
ET AL.,
    Defendants.

### PRELIMINARY STATEMENT

1. This a civil rights action filed on the behalf of a federal prisoner (**Sonny Mack**), for damages and injunctive relief pursuant to the authority **Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971)**, alleging that the Bureau of Prison's officials acting/omitting with the scope of their employment under color of federal law in Federal Correctional Institution Allenwood, Pennsylvania infringed, deprived and violated my **First Amendment** (retaliation claim), **Fifth Amendment** (abuse of discretion), and **Eight Amendment** ( excessive force/sexual assault), **5th Amendment** (due process).

2. Plaintiff also brings these claims pursuant to the **Federal Tort Claim Act ("FTCA") under the "torts"** of intentional infliction of **emotional distress**, mental anguish, humiliation, **assault and battery, verbal sexual harrassment,** failure to protect, and for failure to adeqaute hire, supervise and control its employees in the use of force incidents.  (see., continuation page)

-1-

3. Plaintiff Mack also bring these claims pursuant to the **Joinder of Claims of Fed. Rules of Civ. Proc. 18(a) 20(a)(2)**. Plaintiff Mack also assert these claims against the **Bureau of Prison** pursuant to **18 U.S.C. § 4042**.

### JURISDICTION

1. This court has jurisdiction over this action pursuant to Title **28 U.S.C. §§ 1313** and **2201** (Bivens Constitutional Claims), **28 U.S.C. § 2675 et seq.**, which governs all claims against the United States of America for money damages, for injury or personal injury caused by the negligent or wrongful act/omission of any employee of the government while acting within the scope of his/her office of responsibilty/employment. (Federal Tort Claim Act Claim).

### PARTIES

1. Sonny Mack was incarcerated in **FCI - Allenwood, Pennsylvania** during the events described in this complaint and Mr. Mack is a party to this action.

2. Defendants United States and the Bureau of Prison is a party to this action and they are sued in their **official capacities.**

3. Defendnats - Prison officials - <u>J. Moon</u>; <u>T. Delmonico</u>; <u>J. Slogcom</u>; (<u>SIA</u>) <u>Lieutenant Lyons</u>; Disciplinary Hearing Officer **Bittenbender** and other **Jane/John Doe's** prison officials all these named defendants was employees at FCI - Allenwood at all times relevant during the events described in this complaint and **all these defendants** is sued in their **individual capacities.** Prison official <u>Lozano</u> is also sued in his individual capacity.

-2-

## STANDARD OF REVIEW

Plaintiff Mack, proceeding herein **pro-se** shall present each claim that concerns his constitutional rights in a legible and coherent fashion to the best of his ability. Futher, plaintiff as a **pro-se** litigant respectfully ask the Honorable Judge and Court by and through its judicial benevolence to apply to my claims for relief all the benefits of the liberal construction standards generally extended to **pro-se** litigants in an effort to cite pertinent case law. See., <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

## STATEMENT OF THE CASE

Federal prisoner Sonny Mack assert herein that he was housed in Federal Correctional Institution Allenwood in the years of 2015 and 2016, within theses relevant times frame Mr. Mack was subjected to **physical sexual assault/threats of physical sexual assualt, racism, abuse of discretion through the administrative remedy process** and **due process violation** during disciplinary hearings.

Mr. Mack asserts herein that Lieutenant's at FCI Allenwood falsify and cover up the **misconduct** of prison staff at FCI Allenwood when allegations of misconduct is made against prison staff. The institution (FCI Allenwood) have a general pattern of <u>retaliating against inmates for filing administrative grievances against prison staff</u>.

Numerous prison staff are extremely racist against African American men at FCI Allenwood, with severe **verbal sexual abuse and physical abuse.**

Pursuant to **28 U.S.C. § 1746 under penalty of perjury** the foregoing is true in the STATEMENT OF THE CASE PARAGRAPHS!

Sonny Mack

*Sonny Mack* (signature)

## STATEMENT OF FACTS INCIDENTS

1. On the relevant date of October 5, 2015 Mr. Mack was physically/ sexually assaulted/battered with excessive force on the walk way of FCI Allenwood compound while Mack was cuffed and secured. The officers that committed theses acts against Mr. Mack - was officers J. Moon and T. Delmonico. Before this incident (use of excessive force) officer Delmonico stated to Mr. Mack "quote" - we should put our dicks in your mouth! Also during the excessive force assault and battery incident while Mr Mack was restrained and secured on the concrete pavement, defendant Delmonico struct Mr. Mack forceful close hand blow to the side of Mack face and Moon struct Mack with a forceful knee in the back of Mack neck area and kept his knee foncefully in Mr. Mack neck area while inflicting severe pain. In this incident defendant Delmonico was more of the aggressor and leader. Also during this incident defendant Delmonico stated to Mr. Mack, "quote" - they need to remove all you **"black bitches"** out if here. (count 1. Eight Amendment violation - physical sexual assault/threats of physical sexual assualt and verbal racism sexual harrassment, intentional infliction of emotional distress, mental anguish, humiliation, failure to protect and failure to adequate hire, train and supervise Moon and Delmonica in the use of force incidents - defendants - United States, Bureau of Prison, Moon and Delmonico).

2. On the relevant date of October 27, 2015 between the times of 1:15 - 2:10 PM prison offical J. Slogcom retrieved Mr. Mack from his cell in segregation unit for a investigation session with **SIA** lieutenant Lyons concerning the assault/battery/excessive force incident. Defendant Slogcom cuffed Mr. Mack while in his cell (through tray slot) and then removed Mr. Mack from his cell. While on the outside of the cell Slogcom performed a patch search on Mr. Mack, during the search Slogcom took both his hands and rubbed them in a sexual manner across Mr. Mack face and stated to Mr. Mack "quote" - you like this stuff dont you baby. Mr. Mack reported both incidents to defendant Lyons and SIA Lyons in return wrote incident reports against Mr. Mack for making false statements. (see contiuation pages)

These incidents that Mr. Mack alleged against Moon, Delmonico and Slogcom to Lyons, Lyons never refered the issues to Internal Affairs which was a **breach** of Bureau of Prison's Policies. (Count 2. incident - Eight Amendment and Fifth Amendment violations - physical/verbal sexual assault/battery and sexual harrassment, intentional infliction of emotional distress. mental anguish, humiliation and abuse of discretion in the administrative procedures process - defendants - United States, Bureau of Prison, **SIA** Lyons and Slogcom).

3. On the relevant date of March 2, 2016 defendant officer **Lozano** came to Mr. Mack cell (in segregation unit) and retrieved Mack and his cell mate from their cell and took and place them booth in a holding cell and made them both strip naked from head to toes. **Lozano** then stated to Mr. Mack (while he was naked) "quote" - **"they"** said you had a little dick, "look at that little motherfucker." (Count 3. incident - physical/verbal sexual assault/battery and sexual harrassment, intentional infliction of emotional distress, mental anguish, humiliation and failure to protect from physical/verbal sexual assault/harrassment - defendants - United States, Bureau of Prison's and Lozano).

4. From the relevant times frames of October 5, 2015 - through - 2016 on numerous days during these incidents, defendants Moon, Delmonico, Slogcom and Lyons agressively retaliated against me, because I was filing complaints, administrative grievances against them concerning their misconduct against me, these staff members at FCI Allenwood would progressively falsify and cover up Moon, Delmonico, Slogcom misconduct through SIA Lyons investigations in conspiracy **"acting in concert"** through the abuse of discretion of falsifying documents, making false statements and excepting false statements from staff whom he was supposely investigating for the misconduct. Lyons failure to report matters to Internal Affairs for investigation. (Count 4. incident - First Amendment violation - retaliation, tort violations - emotional distress, sleepless days and nights, fear, anxiety, humiliation, Fifth Amendment violation - abuse of descretion - defendants - United States, Bureau of Prison, Moon, Delmonico, Lyons, Slogcom and Bittenbender).

5. On the relevant date of February 3, 2016 Mr. Mack was scheduled for DHO hearing on a incident report #2781588 - lying to staff. Mr. Mack had a witness on his behalf to appear by the name J. Rodriquez # 95437-038. It took **80 days** for Mr. Mack to receive his hearing and there was no extension of time given by the Warden to delay the DHO hearing. This denied Mr. Mack a fair hearing and violated Mr. Mack Fifth Amendment **"due process" right secured to him. DHO Bittenbender** stated to Mr. Mack at the hearing that he (Bittenbender) always protect his officer's against any inmates. Bittenbender violated 3420.9(b) - employees will avoid situations which involve conflicts of interest with there employee's and employment.

5(a). Mr. Mack and a Unit Team Staff **(Nickolas)** had words about Bittenbender not calling him of the date of a hearing on December 9, 2015. Nickolas stated to Mr. Mack "you are right but I cant go against **Regional** they will back his (Bittenbender) plays always you cant win." Unit Team had a duty to report any violation or apparent violations of any standard of misconduct to their Chief Executive or another principle BOP authority. Unit Team member Nickolas failure to contact and report Bittenbender violations (misconduct) and fabricating a story against Nickolas, by telling Mr. Mack that Nickolas (Mack's, staff rep. or witness) was on vacation and dont know when he will be back.

5(b). Also at Mr. mack hearing with Bittenbender, Mack requested to Bittenbender to review the surveillance video footage of the incident with him and officer Slogcom, because the video footage was direct exculpatory evidence for Mr. Mack defense that would have vindicated Mr. Mack concerning the incident report that was written against Mr. Mack. During the hearing DHO Bittenbender refused to review the video footage because he (DHO) stated to Mr. Mack "I believe the staff statements so there is no reason to review video footage." This was **another** violation of Mr. Mack Fifth Amendment Right **"due process."**

5(c). During the Disciplinary Hearing with Bittenbender defendant officer Slogcom was a witness at the hearing and Slocom admitted that he rub his hands across Mr. Mack face, but that he was only playing with Mr. Mack when he did it. Nevertheless, Bittenbender still santioned Mr. Mack for the incident report written against him. Mr. Mack request as **injuctive relief** that all incident reports written agianst where defendant Bittenbender presiding over, would be **expunged** from his record by the Honorable Judge and Court. (Count 5. Incident - Fifth Amendment violation **"due process"** - defendant - Bittenbender).

6. There is another incident concerning Mr. Mack in a use of force issue that Mr. Mack will seek to **amend** in this action at a latter time. Mr. Mack informs the Honorable Judge and Court that there is/was surveillance footage of the incidents asserted herein.

7. Mr. Mack also informs the Court that he have exhausted all his Bureau of Prison Administrative Remedies concerning all these claims asserted herein and Mr. Mack will forward these grievances to the Court as proof of exhaustion.

7(a). Mr. mack also assert herein that in paragraph **1. of statement of facts incidents** - Mr. Mack asserts herein that defendants Delmonico and Moon "slammed" Mack with excessive force on his front side and face on the concrete walkway of the institution compound while Mr. Mack was cuffed and **wasn't resisting.**

8. Mr. Mack asserts herein that when defendants Moon and Delmonico slammed him on the hard concrete that he (Mack) felt extreme pain in his body from the assault/battery/excessive force incident that was inflicted upon him by Moon and Delmonico.

9. Mr. Mack asserts herein that from the relevant dates of **October 5, 2015 until this present day of** October 10, **2017, Mr. Mack** suffers with emotional distress such as constant sleepless days and nights, mental anguish, anxiety, fear, worry toward Bureau of Prison staff, humiliation and a inability to function normal concerning daily prison life activities. Mr. Mack asserts herein that all named defendants in this action is the factual and proximate cause of all **physical and mental injuries** that he suffers with at this present time.

10. Plaintiff Mack complaint asserts **Claims For Relief** under 42 U.S.C. § 1983 = "Bivens," namely an physical sexual assault/battery/ threats of physical sexual assault, racism acts and retaliation against defendants - J. Moon, T. Delmonico, J. Slogcom and Lozano; Abuse of discretion of administrative procedures and retaliation against defendant - **SIA** Lyons; Due Process Claim against defendant - **DHO Bittenbender**. Also **excessive force claims** against Delmonico and Moon.

11. Mr. Mack Fifth Amendment **"right to due process" claim against defendant Lyons,** Mack alleges herein that this defendant **abused his discretion** as a prison investigator concerning the decisions that he made **adversely** against Mr. Mack concerning the allegations of physical and sexual abuse, that Lyons failed to report to Internal Affairs.

12. The due process right has been couched in terms of the inmate's right to be free from "abuse of discretion on the part of prison administrator's, protection from unconstitutional administrative action, protection of an inmates life, safety and health from administrative action."

13. Plaintiff Mack complaint asserts <u>Claims For Relief</u> under the <u>Federal Tort Claim Act</u>, namely **"torts claims,"** such as intentional infliction of emotional distress, mental anguish, humiliation, assault and battery, verbal sexual harrassment, failure to protect, and failure to adequate hire, train, supervise and control its employees in the **use of force incidents** – these claims against the United States and Bureau of Prisons.

## RELIEF REQUESTED FOR COMPENSATORY/PUNITIVE DAMAGES

RELIEF REQUESTED ON THE FIRST AMENDMENT BIVENS CLAIMS:
WHEREFORE, plaintiff request the court grant the following relief:
A. Award $1,000,000.00 jointly and severally against defendants, Lyons, Moon, Delmonico and Slogcom for the physical and emotional injuries sustained as a result of these defendants retaliatory acts/omissions against Mr. Mack in violation of his First Amendment Right secured unto him under the United States Constitution. (Damages of **compensatory damages**)

B. Award **punitive damages** of $500,000.00 individually against defendants Lyons, Delmonico, Moon and Slogcom to deter these defendants and other Bureau of Prison officials from violating inmates constitutional rights.

RELIEF REQUESTED ON THE FIFTH AMENDMENT BIVENS CLAIM:
WHEREFORE, plaintiff request the court grant the following relief:
A. Award $250,000.00 in compensatory damages against **DHO Bittenbender** in compensatory damages as a result of this defendant violated Mr. Mack due process right and causing Mr. Mack numerous days of emotional distress, such as sleeplessness – days and nights which subjected Mr. Mack to fatigue in his body and drain him of his body energies.

B. Award punitive damages in the amount of $175,000.00 against DHO – Bittenbender to deter him and others from violating inmates constitutional rights secured to them (Mr. Mack) under the Constitution of the United States.

-8-

C. Award **compensatory/punitive damages** in the amount of $750,000.00 individually/separetly against defendant **SIA Lyons** for the physical and mental injuries sustained as a result of Lyons **abusing his discretion** in violation of Mr. Mack Fifth Amendment Right secured to him under the Constitution of the United States.

RELIEF REQUESTED ON THE EIGHT AMENDMENT BIVENS CLAIM:
WHEREFORE, plaintiff request the court grant the following relief:
A. Award compensatory damages in the amount of $6,700,000.00 jointly and severally against defendants Lyons, Moon, Delmonico and Slogcom for the physical and mental injuries sustained as a result of these defendants misconduct of excessive force, physical sexual assault, threats of physical sexual assualt, sexual harrassment and verbal sexual harrassment **racism**, in violation of Mr. Mack Eight Amendment Right secured to him under the United States Constitution.

B. Award **punitive damages** in the amount of $2,700,000.00 individually against defendants Lyons, Delmonico, Moon and Slogcom to deter these defendants and other Bureau of Prisons officials from violating inmates Constitutional Rights secured to them under the United States Constitution.

C. Award any other damages to Mr. Mack that this court deems that Mr. Mack is entitled to. (such as, **nominal damages - cost of these proceedings**)

STATE OF WEST VIRGINIA
COUNTY OF GILMER
On this day 18th of October, 2017 before me, a **Notary Public** in an for said State and County, personally appeared **Sonny Mack**.
The person whose name is subscribed on the foregoing **complaint**, is known to me or has satisfactory proved to be.

expires February 18, 2020

NOTARY PUBLIC OFFICIAL SEAL
Shannon P. Ramsey
FCI-Gilmer
State of West Virginia
My Commission Expires
February 18, 2020
PO Box 5000
Glenville, WV 26351

Notary Public
FCI Gilmer

-9-

## RELIEF REQUESTED FOR COMPENSATORY DAMAGES
## AGAINST THE UNITED STATES AND BUREAU OF PRISON

Pursuant to **18 U.S.C. § 4042,** the United States/BOP had duty to provide for the safekeeping, care and subsistence" and for **protection ...** of all persons (Mr. Mack) charged with or convicted of offenses against the United States. This duty of **care** as provided by **18 U.S.C. § 4042** is that of ordinary diligence to keep prisoners (Mr. Mack) safe from harm.

The United States and Bureau of Prison breached this duty in failing to protect Mr. Mack from excessive force, physical sexual assualt, verbal sexual assault/harrassment, sexual verbal racism and emotional distress by the United States/Bureau of Prison own employees.

The United States/Bureau of Prison should be held liable for the tortious acts that was committed against Mr. Mack by defendants Lyons, Delmonico, Moon, Slogcom and Bittenbender.

**WHEREFORE,** Plaintiff Mack request the court grant him **compensatory damages** against the United States/Bureau of Prison in the amount of $6,700,000.00 for the physical and mental injuries that Mr. Mack have sustained for the wrongful acts that the United States/Bureau of Prison employees committed against Mr. Mack.

Respectfully Submitted,

Sonny Mack # 16954-171
FCI - Gilmer
P.O. Box 6000
Glenville, WV 26351

_Sonny Mack_ 16954-171
Date filed _October 10_, 2017

(continuation pg.)

et seq., which governs all claims against the United States of America for money damages, for injury or personal injury caused by the negligent or wrongful act/omission of any employee of the goverment while acting within the scope of his/her office of responsibilty/employment.

Claimant Sonny Mack assert herein on the date of October 5, 2015 he was assaulted and battery maliciously and sadistically in a use of force incident by prison officials J. Moon and T. Delmonico at FCI Allenwood, Pennsylvania.

Moon and Delmonico inflicted physical force (abuse) by forcefully slamming claimant on the concrete floor while he was cuff risks and was not resisting nor provking these officers in no way.

Prior to this assault incident Moon and Delmonico had searched claimant cell and claimed that they found contraband and then took claimant on the outside of the unit and cuffed him to escort him to the (SHU) segregation.

While Moon and Delmonico was walking claimant to the SHU Delmonico made verbal sexual remarks to claimant such as, "we should put our "dicks" in your mouth." These acts occured on 10-5-2015 before the assault/battery incident.

On the date of October 27, 2015 1:50 -2:10 PM prison official J. Slogcom retrieved me from my cell (segregation) for investigation with SIA Lieutenant Lyons concerning the assault use of force incident.

When Slogcom removed claimant from his cell and cuffed him, Slogcom then did a pat search and took both hands and rubbed them in sexual way across claimant face and stated to claimant "you like this stuff dont you baby." Claimant assert herein that these were acts of sexual abuse and assault against him while he was cuffed.

Claimant Mack reported both incident to SIA Lyons and Lyons wrote incident reports against claimant for false statement Lyons never reported to incidents to Internal Affairs which was a breach of FBOP's policies.

Days later claimant Mack was sent to a disciplinary hearing for trail by DHO Bittenbender and claimant Mack requested to Bittenbinder to review the surveillance footage of the incident of him and officer Slogcom.

Disciplinary Hearing Officer Bittenbender refused to review the surveillance footage in violation of Mack 5th Amendment Right "due process." DHO Bittenbender informed claimant Mack that he do not have to review the footage because he believe the staff statements.

Claimant admitted to DHO Bittenbender at the hearing that he did rub his hands across claimant Mack face, but that he was only playing with Mack when he did it. Bittenbender still sanctioned claimant Mack for the incident report.

The incident of the assault use of force incident when Delmonico and Moon slammed claimant Mack forcefully to the concrete ground, Delmonico was the more agressive with the excessive force, both officers slammed Mack to the ground whiled cuffed and while on the ground Delmonico struct Mack with a fist blow to the side of his face and Moon forcefully placed his knee in Mack back neck area.

Delmonico also stated to Mack during the incident that "they need to remove all you "black bitches" out of here.

On the date of March 2, 2016 officer Lozano came to me and my cellmate out our cell to a holding strip cell and striped us of our clothing abd then made comments about my private parts he stated "you have a little dick, look at that little motherfucker. (sexual remarks)

Prison personal Lt. Lyons several times retaliated against me for my filing of grievances as redressing my conditions of my confinement. Lyons misconduct against me caused my fear, worry, emotional distress and mental anguish. Lyons retaliation acts started from October 27, 2015 to at least April 4, 2016.

(continuation pg. from question 10.)

The claimant suffers from severe sleeplessness (insomnia) from nightmares at least 3 to 4 times a week, nightmars such as male staff beating him in dreams. Claimant awakes from sleep constantly throughout the night and average only 3 to 4 hours of sleep.

Respectfully Submitted,

Sonny Mack
No. 16954-171
FCI - Gilmer
P.O. Box 6000
Glenville, WV 26351

*/s/ Sonny Mack*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: Regional Counsel Beckley Consolidation Legal Center F.C.I. Beckley, P.O. Box 1280 Beaver, West Virginia 25813 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. Sonny Mack Reg. No. 16954-171 F.C.I. - Gilmer P.O. Box 6000 Glenville, West Virginia 26351 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 7/12/77 | 5. MARITAL STATUS single | 6. DATE AND DAY OF ACCIDENT 10-5-2015 | 7. TIME (A.M. OR P.M.) 8:15/9:05 PM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary). This "tort injury" claim is brought against the United States/Federal Bureau of Prison's pursuant to intentional emotional distress, sleeplessness, mental anguish, humiliation, assault and battery, sexual harrassment and abuse of process. This claim is also brought pursuant to 18 U.S.C. 4042 against the FBOP's/United States of America (for failure to protect) and for failure to adequate hire, supervise and control its employees in the use of force. This claim is also pursuant to 28 U.S.C. 2675

9. PROPERTY DAMAGE (see continue pg.)

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).
N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. The claimant suffers from emotional distress(which was intentionally inflicted upon him by named staff), mental anguish, fright, fear, worry of retaliation, continual sleepless days and nights, humiliation moderate headache at times, body fatigue and insomnia. see cont. page.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Stephon Bryant 18645-084 | FCI Gilmer, West Virginia |
| Julio Rodriquez 95437-038 | FCI Allenwood, Pennsylvania |
| Pedro Kline 20892-055 | FBOP's |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | $1,500,000.000 | N/A | $1,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). *[signed] Sonny Mack* | 13b. PHONE NUMBER OF PERSON SIGNING FORM N/A | 14. DATE OF SIGNATURE 2-18-17 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property. |
| 15. Do you carry accident Insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No <br><br> N/A |
| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No    17. If deductible, state amount. <br><br> N/A        N/A |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). <br><br> N/A |
| 19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No <br><br> N/A |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

I Sonny Mack #16954-171 hereby swear and strictly affirm that the following statement are true.

I'm writeing in regrard's to my Bivens claim and Tort claim being timely or untimely I would like for them both to be filed together.

Frist Reason: I've been in "SHU" houseing unit since 9-18-17 I've been sending request after request to the property officer and my unit team that I need these claim's out my property because I had a Deadline so I had no acces to it until 10-6-17 that's when the property officer gave them to me I been had them done.

Second Reason: I've been trying to get a notary but they only do notary on tuseday and she hasn't been here to notorise it she finally came on the 10th of octot and did it and my unit team has been giving me the run around to get it certified but I'm still house in th 'SHU" housing unit as of now 10-20-17. I wish there was something I could have done to have got it their faster but my ha was tied I did the best I could under the circumstances

This mail is being mailed in "good faith" hopeing and praying you understand the reason if it's untimely and it's no fault of mine and I would appreciate if you could be so kindly and except my claim's. Thank you

Dated 10/21/17           Signature of Requester
Sonny Mack

Sonny Mack 16954-111
Gilmer Federal Correctional Institution
Po Box 6000
Glenville, WV 26351

USMS

RECEIVED
HARRISBURG, PA
OCT 30 2017

⇔16954-171⇔
Office Of Court
228 Walnut ST
u.s Court House Po.Box983
Harrisburg, PA 17108
United States

7016 2710 0000 1743 65[..]
7016 2710 0000 1743 65[..]

CERTIFIED MAIL







