IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONNY MACK, | Civil No. 3:17-cv-1982 |
| Plaintiff | (Judge Mariani) |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants | |

**MEMORANDUM**

Plaintiff Sonny Mack ("Mack"), a former federal inmate who, at all relevant times, was housed at the Federal Correctional Institution, Allenwood, in White Deer, Pennsylvania ("FCI-Allenwood"), initiated this action on October 30, 2017.[1] (Doc. 1). For the reasons set forth below, the Court will dismiss this action for failure to prosecute and failure to comply with a Court Order.

I. **Background**

Mack asserts violations of the First, Fifth, and Eighth Amendments, as well as claims pursuant to the Federal Tort Claims Act resulting from incidents that arose during his incarceration FCI-Allenwood. (Doc. 1). On March 23, 2018, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 17). Mack did not oppose the

---

[1] Mack is no longer incarcerated. Upon entering Mack's identification number, 16954-171, into the Federal Bureau of Prisons ("BOP") inmate locator, his status was returned as "released." See BOP inmate locator, available at: https://www.bop.gov/inmateloc/.

motion and has not communicated with the Court since November 21, 2017. Accordingly, on March 5, 2019, the Court Ordered Mack to provide his current address. (Doc. 29). The Order warned Mack that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.*) (citing Federal Rule of Civil Procedure 41(b)). Mack failed to reply and failed to provide the Court with a current, updated address.

II. **Discussion**

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six (6) factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted). Not all of the *Poulis* factors need be satisfied to dismiss a complaint. *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

In the present matter, Mack is *pro se* and is solely responsible for his actions. *See Colon v. Karnes*, 2012 U.S. Dist. LEXIS 14692, at *7 (M.D. Pa. 2012) ("Plaintiff is

2

proceeding *pro se*, and thus is responsible for his own actions."). At this point, the Court has been waiting approximately sixteen months for Mack to communicate with the Court, and can only conclude that he is personally responsible for failing to inform the Court of his whereabouts.

Second, prejudice to the adversary generally includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Prejudice also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Mack's continued failure to communicate with the Court and continued inaction frustrates and delays resolution of this action. This failure to communicate clearly prejudices the Defendants who seek a timely resolution of the case. *See Azubuko v. Bell National Organization*, 243 F. App'x 728, 729 (3d Cir. 2007) (stating that plaintiff's failure to file an amended complaint prejudices defendants and compels dismissal).

Third, Mack has established a history of dilatoriness through his failure to notify the Court of his whereabouts and failure to comply with Court Orders and rules. As is clear from the procedural background of this case, Mack has not communicated with the Court since November 21, 2017. (Doc. 4). On March 5, 2019, the Court Ordered Mack to provide

his current address, and warned him that this case was subject to dismissal for failure to prosecute. (Doc. 29). The Order warned Mack that, "[f]ailure to comply with this Order may result in the dismissal of this case for failure to prosecute." (*Id.*) (citing Federal Rule of Civil Procedure 41(b)). Mack failed to comply with the Order and the time for complying has now passed. The Court finds that over the past sixteen months, Mack has delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." *Briscoe v. Klem*, 538 F.3d 252, 261 (3d Cir. 2008). A *pro se* plaintiff has the affirmative obligation to keep the Court informed of his address. (*See* M.D. Pa. Local Rule of Court 83.18 (providing that a *pro se* plaintiff "shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); *see also* Standing Practice Order in Pro Se Plaintiff Cases). Should such address change in the course of this litigation, the plaintiff shall immediately inform the Court of such change, in writing. (*Id.*). If the Court is unable to communicate with the plaintiff because he has failed to notify the Court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (*Id.*). It is clear that Mack has failed to comply with the terms set forth in Middle District of Pennsylvania Local Rule 83.18 and the Standing Practice Order.

Regarding the next factor, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. It appears that at least some of this dilatory behavior was performed willfully and in bad faith, as Mack has offered no explanation for his failure to

provide the Court with his current address, and has been less than diligent in pursuing this matter. *Gagliardi v. Courter*, 144 F. App'x 267, 268 (3d Cir. 2005) (holding that the district court did not abuse its discretion by dismissing plaintiff's complaint for failure to prosecute, where plaintiff failed to respond to defendants' motion to dismiss for more than three months and this failure to comply prejudiced defendants).

Fifth, a district court must consider the availability of sanctions alternative to dismissal. *Poulis*, 747 F.2d at 869. Given Mack's indigence, alternative, monetary, sanctions would not be effective. *See Dennis v. Feeney*, 2012 U.S. Dist. LEXIS 7328, at *5 (M.D. Pa. 2012) (finding, "monetary sanctions are unlikely to be efficacious given that Plaintiff is indigent"). Moreover, the Court is incapable of imposing a lesser sanction without knowledge of Mack's whereabouts.

The final *Poulis* factor is meritoriousness of the claim. A claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis*, 747 F.2d at 870. The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. *Poulis*, 747 F.2d at 869-70. The Court finds that consideration of this factor cannot save Mack's claims, since he is now wholly non-compliant with his obligations as a litigant. Thus, the weight of this factor is lessened and, following a full analysis of the factors, the majority of the six factors weigh in favor of Defendants.

## III. Conclusion

Mack's last communication with the Court was on November 21, 2017. (Doc. 4). It is clear that Mack has been released from custody. *See* BOP Inmate Locator, available at: https://www.bop.gov/inmateloc/. Mack's prolonged failure to notify the Court of his whereabouts has forced the Court to consider whether to dismiss the instant action for failure to prosecute. After consideration of the *Poulis* factors, it is clear that the factors militate in favor of dismissal of Mack's claims.

A separate Order shall issue.

Dated: March 21st, 2019

Robert D. Mariani
United States District Judge